UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Marc T. Crain,<br><br>        Plaintiff,<br><br>  v.<br><br>Mercedes Benz of USA, *et al.*,<br><br>        Defendants | Case No. 2:22-cv-00806-CDS-BNW<br><br>**Order Denying Plaintiff's<br>Motion to Change Venue and<br>Directing Plaintiff to Show Cause**<br><br>[ECF No. 8] |

      Pro se plaintiff Marc T. Crain initiated this action in this court in May 2022. ECF No. 1-1. A few months later, Crain filed a motion for change of venue seeking to have this action transferred to the Central District of California, where he has another pending matter. ECF No. 8. The defendants have not appeared in this case and thus do not respond to or oppose Crain's motion. Because Crain failed to comply with the applicable local rules, I deny his motion and further order him to show cause why his complaint should not be dismissed for failure to timely serve the defendants.

I.      Relevant background information

      When he initiated this action, Crain filed an application for leave to proceed *in forma pauperis* (ECF No. 1) alongside his initial complaint (ECF No. 1-1). About a month later, after Crain paid the required filing fee (*see* ECF No. 4) and filed his complaint (ECF No. 5), Magistrate Judge Brenda N. Weksler denied as moot Crain's application for leave to proceed *in forma pauperis*. ECF No. 7. Crain then filed his motion to change venue (ECF No. 8) and a certificate of service for the motion to change venue (ECF No. 9).

## II. Legal standard

A pro se litigant's submissions to the court are "to be liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, pro se litigants are not excused from adhering to the rules of procedure. *See U.S. v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984) (overruling recognized on other grounds by *United States v. Hanna*, 293 F.3d 1080 (9th Cir. 2002)). "Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (overruled on other grounds by *Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012)). To that end, this district's local rules require a motion to be supported by a memorandum of points and authorities. L.R. 7-2(a). And "[t]he failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion." LR 7-2(d). Here, Crain failed to include a memorandum of points and authorities, as required under to Local Rule 7-2(a). Even while affording Crain some liberality in his pleading, I find that he failed to provide legal argument justifying his request or any factual basis on which I could rule on the merits of his motion. Consequently, I cannot find any basis on which to grant the motion.

## III. Order to show cause

In addition to failing to comply with the local rules concerning the filing of points and authorities, Crain has not shown proper service of the complaint on the defendants. While the record reflects that Crain filed a certificate of service related to the instant motion (ECF No. 9), there is no evidence that Crain effectuated service of the summons and complaint. In this matter, the complaint was filed on June 17, 2022. ECF No. 5. Under Federal Rule of Civil Procedure (FRCP) 4, service was to be made on all defendants on or before September 20, 2022. *See id* (docket reflecting proof of service due by September 20, 2022). It appears this was not done, nor has Crain requested more time to do so.

FRCP 4(m), provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time." More than 90 days have passed since Crain filed his complaint, and there is no indication that proper service was made on the defendants. Unless Crain can show good cause for the failure, "[a] plaintiff's failure to serve process in a timely manner may . . . amount to a failure to prosecute . . . and a district court may dismiss an action on this ground." Fed. R. Civ. P. 4(m); *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275 (9th Cir. 1980). Because Crain is proceeding pro se and has not yet received notice that his complaint could be dismissed, this order will serve as that notice, and I direct him to effect proper service on the defendants within 30 days or show cause why this matter should not be dismissed without prejudice for failure to prosecute. Failure to do so by the deadline will result in the dismissal and closing of this case without further notice.

IV. Conclusion

IT IS HEREBY ORDERED that Crain's motion to change venue **[ECF No. 8] is DENIED**.

IT IS FURTHER ORDERED that Crain must effect proper service on the defendants and submit evidence thereof **no later than October 27, 2022**, or file a "Response to Order to Show Cause" showing cause why this action should not be dismissed without prejudice under FRCP 4(m) for failure to prosecute. If Crain does not timely and fully respond to this order, this action will be dismissed without prejudice and without further notice.

Dated: September 27, 2022

_____
Cristina D. Silva
United States District Judge

3