UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Marc T. Crain,<br><br>         Plaintiff<br><br> v.<br><br>Mercedes Benz of USA, et al.,<br><br>         Defendants | Case No. 2:22-cv-00806-CDS-BNW<br><br>**Order Dismissing for Failure to Serve, Granting Motion to Dismiss, and Denying Motion to Invoke Rule 6D**<br><br>[ECF Nos. 11, 21] |

  Pro se plaintiff Marc Crain filed his complaint on June 22, 2022, and was required to serve all defendants by August 20, 2022. Compl., ECF No. 5. Several weeks after that deadline, Crain filed a motion to change venue. ECF No. 8. I denied Crain's request and ordered him to effect proper service of the summons and complaint on the defendants (and to submit evidence thereof), no later than October 27, 2022. Order, ECF No. 10. Alternatively, I directed Crain to show cause why this action should not be dismissed without prejudice under Federal Rule of Civil Procedure 4(m) for failure to prosecute. *Id.* Under Rule 4, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Following that show-cause order, Crain sought a brief extension to "send proof of service . . . with [a] more in-depth answer" and "hire representation" because he was "medically [i]ncapable to proceed." ECF No. 16 at 5. I granted Crain's request for more time and reminded him that failure to present proof of service by the deadline could result in dismissal of his case without prejudice and without further notice. ECF No. 17.

I.  **All claims against Crain Automotive, Progressive Insurance, and IKOR Health Consultant LV are dismissed because they were never served.**

In his response, Crain attempted to submit evidence of service on the defendants by stating that "all five defendants have been served [by] U.S. mail twice" and attaching tracking information and receipts in support. Resp., ECF No. 19. But as I pointed out to Crain, service by mail is not permitted under Nevada or federal law. *Vaughn v. Nash*, 2018 WL 6055552, at *3 (D. Nev. Oct. 29, 2018); *Campbell v. Gasper*, 102 F.R.D. 159, 161 (D. Nev. May 18, 1984) (citation omitted) ('Service by mail, even if actually effected, does not constitute personal service.'). *See also* Fed. R. Civ. P. 4(e); Nev. R. Civ. P. 4.2. While Crain is proceeding pro se and I must liberally construe his pleadings, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). As a result, I again ordered Crain to present evidence that he had properly served the defendants. ECF No. 20. But he failed to correct the service error. Instead, before the extended deadline, Crain filed a document titled "Motion to [I]nvoke Rule 6D[] and Excuse IKOR From Any Obligation or Participation in Case 2:22-cv-00806-CDS-BNW." ECF No. 21. In that document, Crain states that "IKOR i.e. Rachel West does not have a findable address and has managed to elude service." *Id.* He again attempted to submit evidence of service-by-mail on the defendants by stating that "Mercedes has [ac]cepted service at Headquarters" and "Crain Automotive, First Security and Progressive Insurance have accepted both packages." *Id.* He attached the same two U.S. Postal Service mail receipts that he previously submitted. *Compare id.* at 3–4 *with* ECF No. 19 at 11–12.

Service is an important requirement that serves as "a ritual that marks the court's assertion of jurisdiction over the lawsuit." *Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (cleaned up). If a plaintiff fails to effectuate service, Rule 4(m) provides district courts discretion in determining whether to dismiss for failure to timely effect service. *Id.* at 375–76. I find that Crain has not demonstrated proof of proper service, nor has he shown good cause for his failure

to serve Crain Automotive, Progressive Insurance, and IKOR Health Consultant LV. For that reason, defendants Crain Automotive, Progressive Insurance, and IKOR Health Consultant LV are dismissed from this action.

### II. Mercedes Benz of USA and First Security Bank have waived service.

Although proof of service on defendants Mercedes Benz of USA and First Security Bank was not demonstrated, they have appeared in this action by filing motions to dismiss. Mots. Dismiss, ECF Nos. 11, 22. "Defendants must be served . . . or there is no personal jurisdiction." *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (citing *Beecher v. Wallace*, 381 F.2d 372 (9th Cir. 1967)). But "[d]efendants can waive the defect of lack of personal jurisdiction by appearing generally without first challenging the defect in a preliminary motion, or in a responsive pleading." *Id.* (citing *Hays v. United Fireworks Mfg. Co.*, 420 F.2d 836, 844 (9th Cir. 1969); *Sellers v. McCrane*, 55 F.R.D. 466 (E.D. Pa. 1972)). Both Mercedes Benz of USA and First Security Bank filed motions to dismiss without challenging the sufficiency of service in this case. ECF Nos. 11, 22. I therefore find that they have waived the defect of lack of personal jurisdiction and have thus waived service.

### III. First Security Bank's motion to dismiss is granted.

First Security Bank moves to dismiss for lack of personal jurisdiction. ECF No. 11. To date, Crain has not filed an opposition. Under this district's local rules, Crain's opposition to the motion was due on October 12, 2022. *See* Local Rule (LR) 7-2(b) (for motions other than summary judgment, "the deadline to file and serve any points and authorities in response to the motion is 14 days after service of the motion"). Unlike motions for summary judgment, a district court is not required to examine the merits of an unopposed motion to dismiss before granting it. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (in *Ghazali*, "the Ninth Circuit refused to extend to motions to dismiss the requirement that a district court examine the merits of an unopposed motion for summary judgment before summarily granting it pursuant to a local rule." (*Wystrach v. Ciachurski*, 267 Fed Appx. 606, 609 (9th Cir. 2008)).

Here, First Security Bank moves to dismiss Crain's claims based on lack of personal jurisdiction. Crain has not responded to the motion, and the time to do so has passed. At no point has Crain attempted to obtain an extension. Under Local Rule 7-2(d), "[t]he failure of an opposing party to file and serve any points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." LR 7-2(d). Based on Crain's failure to file an opposition to First Security Bank's motion to dismiss, I grant the motion. This case will proceed against Mercedes Benz of USA only.

## Conclusion

IT IS THEREFORE ORDERED that all claims against defendants Crain Automotive, Progressive Insurance, and IKOR Health Consultant LV are dismissed with prejudice for failure to serve in the time required by Rule 4(m) of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that defendant First Security Bank's motion to dismiss for lack of personal jurisdiction **(ECF No. 11) is GRANTED**.

IT IS FURTHER ORDERED that plaintiff's motion to invoke Rule 6D **(ECF No. 21) is DENIED** as moot.

DATED: November 10, 2022

_____
Cristina D. Silva
United States District Judge